D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**STEPHANIE MITTAK,**

        **Plaintiff,**

  v.

**NORTHWELL HEALTH, INC.,**


        **Defendant.**
-------------------------------------------------------x

**CASE NO.**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Stephanie Mittak alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff Stephanie Mittak brings this action against Defendant alleging discrimination claims brought under the federal Equal Pay Act, 29 U.S.C. 206(d) ("EPA"), the New York Equal Pay Act, NYLL § 194 ("NY EPA"), and the New York City Human Rights Law, ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101, *et seq*.

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the federal EPA. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. Defendant Northwell Health, Inc. is a health system and network that operates hospitals, including Manhattan Eye, Ear &Throat Hospital ("MEETH"), that provide healthcare services to patients.

5. Plaintiff Stephanie Mittak is a woman. Plaintiff has been working for MEETH as an ophthalmic photographer since August 2017.

## FACTS

6. Plaintiff's hourly rate has been roughly $29 to $31 since January 2020.

7. Defendant pays Plaintiff's male counterparts more than her. For example, Jesse [last name omitted] is also an ophthalmic photographer. He works side by side with Plaintiff under the exact same job title and has the same duties, experience, skill, and responsibilities as Plaintiff.

8. Both Plaintiff's and Jesse's primary job duties are to take photos of patients' eyes, so that doctors can more easily diagnose eye diseases.

9. Defendant pays Jesse at least $38 per hour, well in excess of what Plaintiff's pay rate.

10. Defendants' discriminatory treatment of Plaintiff caused her monetary loss, humiliation, and emotional distress.

## FIRST CLAIM FOR RELIEF
### Federal Equal Pay Act ("EPA"), 29 U.S.C. §§ 206(d), 216(b)

11. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

12. Defendant discriminated against Plaintiff within the meaning of the Equal Pay Act of 1963, 26 U.S.C. §§ 206 *et seq.*, by paying her less than similarly situated male colleagues even though Plaintiff performed similar duties requiring the same skill, effort, and responsibility as her male counterpart.

13. The differential in pay between male and female employees was not due to seniority, merit, quantity or quality of production, or a factor other than sex.

14. The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a).

15. Plaintiff seeks all legal and equitable remedies available for violations of the EPA, including unpaid compensation, liquidated damages, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**New York State Equal Pay Act ("NY EPA"),**
**N.Y. Lab. Law §§ 194, 198**

16. Plaintiffs realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

17. Defendant discriminated against Plaintiff within the meaning of the New York Equal Pay Act, N.Y. Lab. Law § 194, by paying her less than similarly situated male colleagues even though Plaintiff performed similar duties requiring the same skill, effort, and responsibility as her male counterpart.

18. The differential in pay between male and female employees was not due to seniority, merit, quantity or quality of production, or a bona fide factor other than sex.

19. The foregoing conduct constitutes a willful violation of the New York EPA within the meaning of N.Y. Lab. Law 198(1-a).

20. Plaintiff seeks all legal and equitable remedies available for violations of the NY EPA, including unpaid compensation, liquidated damages, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### New York City Human Rights Law ("NYCHRL") Discrimination,
### N.Y.C. Admin. Code §§ 8-101 *et seq.*

21. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

22. Defendant discriminated against Plaintiff on the basis of her gender by paying her less than similarly situated male employees.

23. Defendant's conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected rights.

24. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including damages for economic loss and emotional distress; punitive damages; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

25. The New York City Commission on Human Rights will be notified and sent a copy of this Complaint.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including back pay, front pay, compensatory damages, emotional distress damages, liquidated damages, and punitive damages, to be paid by Defendant;

B. Penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
       August 23, 2022

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ D. Maimon Kirschenbaum
    D. Maimon Kirschenbaum
    Denise A. Schulman
    32 Broadway, Suite 601
    New York, NY 10004
    Tel: (212) 688-5640
    Fax: (212) 981-9587

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.